**359 P.2d 78**

William LeB. JENNEY, an individual, dba Jenney Freight Line, and Corporation Commission of the State of Arizona, George F. Senner, Jr., William T. Brooks and E. E. "Eddie" Williams, Jr., as the Corporation Commissioners of the State of Arizona and members of said Commission, Appellants,

v.

ARIZONA EXPRESS, INC., an Arizona corporation, Appellee.

No. 7207.

Supreme Court of Arizona.

Feb. 8, 1961.

Robert W. Pickrell, Atty. Gen., Moore, Vlahovich & Greenwood, Bisbee, for appellants.

Beer, Seaman & Polley, Phoenix, for appellee.

PER CURIAM.

Appellee's motion to dismiss the appeal upon the ground that the Court lacks jurisdiction to consider the appeal because it was not perfected within the time provided by law is denied.

The Supreme Court was authorized and directed by Chapter 8, Laws of 1939, to promulgate rules of pleading and procedure. Pursuant thereto the Rules of Court Procedure were adopted. Rule 58, 16 A.R.S. provides procedure for motion for new trial upon entry of judgment by the superior court; Rule 73(b) fixes the time within which appeal may be taken, unless a different time is provided by law, and in any event extends the time for notice of appeal to the date of entry of an order denying the

motion for new trial. A.R.S. § 40–254 was enacted long prior to the promulgation of the Rules of Civil Procedure. It does provide for a thirty day period rather than a sixty day period for notice of appeal. However, it in nowise affects or abrogates the procedural right to move for a new trial. Hence the statutory period of thirty days remains as provided in A.R.S. § 40–254, but is extended as provided in Rule 73(b) to commence from the date of denial of the motion for a new trial.